130                    June 5, 2024                    No. 389

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRIAN GENE NICHOLAS,
*Defendant-Appellant.*

Clackamas County Circuit Court
23CN00272; A180876

Ann M. Lininger, Judge.

Submitted April 24, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals after the trial court found him in contempt and imposed sanctions. He assigns error to the trial court's failure to obtain a written waiver of the right to a jury trial under Article I, section 11, of the Oregon Constitution. However, as defendant concedes, the Oregon Supreme Court has held that a defendant is not entitled to a jury trial under Article I, section 11, in contempt proceedings based on violations of a restraining order. *See State ex rel Hathaway v. Hart*, 300 Or 231, 241-42, 708 P2d 1137 (1985) (holding that the framers would have understood such proceedings to fall within a well-established historical exception to the right to a jury trial); *see also State ex rel Dwyer v. Dwyer*, 299 Or 108, 115-16, 698 P2d 957 (1985) (reaching the same conclusion with regard to a criminal contempt proceeding for violation of a court order to pay child support). Defendant's arguments that *Hart* and *Dwyer* were wrongly decided are properly directed to the Supreme Court and do not provide any basis for us to reverse.

Affirmed.